# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

---

| | |
|---|---|
| TODD BERESFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:19-cv-349 |
| VS. ) | |
| ) | **NOTICE OF REMOVAL BY** |
| TYSON FOODS, INC. and TYSON ) | **DEFENDANTS TYSON FOODS, INC.** |
| FRESH MEATS, INC., ) | **and TYSON FRESH MEATS, INC.** |
| ) | |
| Defendants. ) | |

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. give notice of the removal of this action from the District Court of Polk County, Iowa to the United States District Court for the Southern District of Iowa, Central Division. Removal jurisdiction is based upon the existence of a federal question, 28 U.S.C. §§ 1331, 1441, and diversity of citizenship, 28 U.S.C. § 1332, and is founded on the following:

1.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.  This case, styled *Todd Beresford vs. Tyson Foods, Inc. and Tyson Fresh Meats, Inc.*, was filed on October 1, 2019 in the District Court of Polk County, Iowa, No. LACL 145835.

3.  Counsel for Defendants agreed to accept service, and counsel for the parties agreed service was effective on October 9, 2019.

4.  The Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty days of service on both Defendants.

5. The District Court of Iowa for Polk County lies in the Southern District of Iowa, Central Division, and thus, this Court is the appropriate venue for removal. 28 U.S.C. §§ 1441, 1446.

6. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders served on Defendants in the District Court Action are attached as Exhibit A. There are no motions presently pending in the state court that will require resolution by this court.

7. Pursuant to Local Rule 81, the following attorneys have appeared in the state court action for Plaintiff, Todd Beresford:

> Paige Fiedler and Amy Beck
> Fiedler Law Firm, P.L.C.
> 8831 Windsor Parkway
> Johnston, Iowa 50131
> Telephone: 515-254-1999
> Fax: 515-254-9923
> paige@employmentlawiowa.com
> amy@employmentlawiowa.com

Defendants' first appearance in the state court case will be for the purpose of filing their notice of filing notice of removal. The following attorney will appear in the state court action for Defendants, Tyson Foods, Inc. and Tyson Fresh Meats, Inc.:

> Jeannie DeVeney
> Littler Mendelson, P.C.
> 1201 Walnut Street, Suite 1450
> Kansas City, Missouri 64106
> Telephone: 816-627-4400
> Fax: 816-627-4444
> jdeveney@littler.com

8. Plaintiff's Petition includes the following causes of action: 1) wrongful termination in violation of public policy of the state of Iowa; 2) age and sex discrimination in violation of the Iowa Civil Rights Act; 3) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); and 4) sex discrimination in violation of Title VII of the Civil Rights Act of 1964.

9. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court pursuant to provisions of 28 U.S.C. § 1441.

### FEDERAL QUESTION JURISDICTION

10. Removal is appropriate because Plaintiff's Complaint raises a federal question, specifically, age discrimination in violation of the ADEA and sex discrimination in violation of Title VII of the Civil Rights Act of 1964. *See Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (collecting cases) (explaining that the presence of "even one federal claim" allows a defendant to remove the entire case to federal court); *Barrett v. Carlos O'Kelly's Inc.*, No. 13-CV-2047-LRR, 2013 WL 5503666, at *1 (N.D. Iowa Oct. 2, 2013) ("The court has federal question jurisdiction over Barrett's Title VII claim against Defendants."); *Moller v. Tyson Foods, Inc.*, No. C 14-4056-MWB, 2014 WL 4437548, at *1 (N.D. Iowa Sept. 9, 2014) ("Each plaintiff's ADEA claim provides a proper basis for 'federal question' jurisdiction. It also provides a proper basis for removal of that plaintiff's *entire* action to this federal court, pursuant to 28 U.S.C. § 1441(c), because each plaintiff's ICRA claim is within this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.").

11. With respect to the causes of action that may be considered separate and independent from those arising under federal law, they are also removable under 28 U.S.C. § 1441. This Court has jurisdiction over Plaintiff's state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a) as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution. Thus, this action is removable in its entirety.

**DIVERSITY JURISDICTION**

12. In addition to federal question jurisdiction, this Court has jurisdiction over Plaintiff's claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

13. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

14. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the state where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

15. Plaintiff is a resident of the State of Ohio. *See* Pl.'s Petition, ¶ 2.

16. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

17. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the State in which the corporation's executives direct, control and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

18.     Defendant Tyson Foods, Inc. is a Delaware corporation and has its principal place of business in Arkansas. Thus, Tyson Foods, Inc. is a citizen of Delaware and Arkansas, and not Ohio or Iowa.[1]

19.     Defendant Tyson Fresh Meats, Inc. is a Delaware corporation and has its principal place of business in Arkansas. Thus, Tyson Fresh Meats, Inc. is a citizen of Delaware and Arkansas, and not Ohio or Iowa.

20.     As neither defendant is a citizen of the State of Ohio, the state in which Plaintiff resides, the suit is between citizens of different states.

21.     Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00, exclusive of interest and costs."

22.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

23.     Although Defendants deny they are liable to Plaintiff, it is clear that the amount *in controversy* in this action exceeds $75,000, exclusive of interest and costs. The standard for determining whether a plaintiff's claim meets the jurisdictional threshold is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Siouxland Cmty. Blood Bank v. Holcomb Freightliner, Inc.*, No. C11-4010-MWB, 2011 WL 1457114, at *4 (N.D. Iowa Apr. 13, 2011) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

24.     Plaintiff seeks damages "including but not limited to" damages for mental and

---

[1] No party is a citizen of Iowa.

emotional distress, anguish, humiliation, intimidation, embarrassment, stress, lost enjoyment of life, medical expenses, lost wages, and employment benefits." Pl.'s Petition, ¶ 89. Plaintiff seeks judgment in an amount which will "fully and fairly compensate him for his injuries and damages" and for punitive damages, liquidated damages, prejudgment and post-judgment interest, attorneys' fees, litigation expenses, costs, equitable and injunctive relief, and "such other relief as may be just" consistent with the purpose of the Iowa Civil Rights Act, the ADEA, and Title VII. *Id.* at WHEREFORE clauses following ¶¶ 90, 94, 99, 104.

25.  The Iowa Civil Rights Act permits recovery for emotional distress damages for the entire period a plaintiff's rights were violated and, unlike federal law, the Act does not cap compensatory damages. *Ewing v. Fed. Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707, 717 (S.D. Iowa 2009). Thus, if Plaintiff succeeds in establishing liability, a fact finder might legally conclude that his compensatory damages alone would exceed $75,000.

26.  Jury verdicts received by plaintiffs in other Iowa Civil Rights Act cases have exceeded $75,000:

- *Sheila Oyler and Julie Schemmel v. Laxmee Inc., et al.*, No. LACV058056 (Iowa District Ct., Dubuque County, 2015): jury awarded plaintiffs $1.2 million in compensatory damages.

- *Debi Erwine v. UGL Services Unicco Operations Co.*, et al., No. 08681 LALA003532 (Iowa District Ct., Monroe County, 2011): jury awarded plaintiff $500,000 for past lost earnings, emotional distress, and future emotional distress damages, as well as $1.5 million in punitive damages.

- *Tina Haskenhoff v. Homeland Energy Solutions, LLC, et al.*, No. LACV003218 (Iowa District Ct., Chickasaw County, 2014): jury awarded plaintiff $1.3 million in compensatory damages.

- *Danielle Rennenger v. Manley Toy Direct L.L.C., et al.*, No. 4:10-cv-00400-JEG-RAW (S.D. Iowa 2015): jury awarded plaintiff $82,727 in lost wages, $1,000,000 in past emotional distress, $800,000 in future emotional distress, and $10,000,000 in punitive damages.

27. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. Even the most conservative estimate of Plaintiff's counsel's fees through trial would exceed $75,000. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (where appellee argued "that the maximum possible amount in controversy [was] less than $50,000—that is, less than the amount necessary to establish federal jurisdiction," the court found because "attorney's fees [were] also at stake … the amount in controversy [was] well over $50,000 (citing *Ward v. City National Bank and Trust Co.,* 379 S.W.2d 614 (Mo. 1964)).

28. The value of injunctive relief may also be considered in the calculation of the amount in controversy. *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1101 (S.D. Iowa 2010).

29. Additionally, Plaintiff's claim for punitive damages may be aggregated with his claim for compensatory damages and, together, those claims satisfy the amount in controversy requirement of the diversity statute. *See Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

30. Considering the *combination* of Plaintiff's potential claims for lost wages, compensatory damages, punitive damages, liquidated damages, injunctive relief, and attorneys' fees, it is clear that a fact finder might legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, Defendants have demonstrated that this matter meets the amount in controversy requirement for removal of this action.

31. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Iowa District Court for Polk County, and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as

reflected by the Certificate of Service. A copy of the Notice to State Court of Filing Notice of Removal is attached to this Notice of Removal as <u>Exhibit B</u>.

32. By removing this action, Defendants do not waive any defenses or objections that they may have, including but not limited to sufficiency of process, service of process, venue, and personal jurisdiction.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove this action to this Court from the Iowa District Court for Polk County, and request that this Court assume full jurisdiction over this matter as provided by law.

DATED: October 29, 2019.

/s/ Jeannie M. DeVeney
Jeannie DeVeney, AT0002008
Littler Mendelson, P.C.
1201 Walnut Street, Suite 1450
Kansas City, Missouri 64106
Telephone: 816-627-4400
Fax: 816-627-4444
jdeveney@littler.com

Attorney for Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served via U.S. Mail, postage prepaid, on this 29th day of October, 2019 upon:

> Paige Fiedler
> Amy Beck
> Fiedler Law Firm, P.L.C.
> 8831 Windsor Parkway
> Johnston, Iowa 50131

/s/ Jeannie M. DeVeney
Attorney for Defendants
